MICHAEL F. BOHN, ESQ.
Nevada Bar No.: 1641
mbohn@bohnlawfirm.com
ADAM R. TRIPPIEDI, ESQ.
Nevada Bar No.: 12294
atrippiedi@bohnlawfirm.com
LAW OFFICES OF
MICHAEL F. BOHN, ESQ., LTD.
376 East Warm Springs Road, Ste. 140
Las Vegas, Nevada 89119
(702) 642-3113/ (702) 642-9766 FAX

Attorney for defendant Pine Barrens Street Trust

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WELLS FARGO BANK, N.A.; FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>Plaintiff,<br><br>vs.<br><br>PINE BARRENS STREET TRUST; RMI MANAGEMENT, LLC d/b/a RED ROCK FINANCIAL SERVICES; VENEZIA COMMUNITY ASSOCIATION,<br><br>Defendant. | CASE NO.: 2:17-cv-01517-RFB-VCF |

### DEFENDANT PINE BARRENS STREET TRUST'S MOTION TO STAY CASE FOR ALL PURPOSES

Defendant Pine Barrens Street Trust (hereinafter "defendant"), by and through its attorneys, the Law Offices of Michael F. Bohn, Esq., Ltd., moves to stay this case for all purposes pending a determination from the Nevada Supreme Court of a certified question involving the Ninth Circuit's interpretation of the Bourne Valley decision. This motion is based on the points and authorities contained herein.

### POINTS AND AUTHORITIES

**A. A certified question is pending before the Nevada Supreme Court**

In the myriad of cases which have been filed before the courts in the state of Nevada, involving HOA foreclosure sales, the wiped out mortgage holders have been claiming a due process violation. This

1

position was accepted by the Ninth Circuit in the case of Bourne Valley Court Trust v. Wells Fargo 832 F.3d 1154 (9th Cir. 2016).

The Ninth Circuits opinion, in summation, is that Chapter 116's notice requirements contained an opt-in provision which required lenders to affirmatively request notice. The decision expressly rejected the argument that NRS 116.31168 incorporated the notice rules from NRS 107.090.

The Nevada Supreme Court declined to follow the Bourne Valley decision in Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo 133 Nev. Adv. Op. 5, 388 P.3d 970 (2017). The court held that due process was not implicated in an HOA's nonjudicial foreclosure. However, the decision turned on the absence of state action, and the court did not determine if the notice requirements in NRS 107.090 were incorporated into NRS 116. 31168.

This court has certified a question to the Nevada Supreme Court, which was accepted by the Nevada Supreme Court. Nevada Supreme Court docket no. 72931. The question which the Nevada Supreme Court agreed to address is:

> Whether NRS 116.31168 (1)'s incorporation of NRS 107.090 required a homeowner's association to provide notices of default and/or sale to persons or entities holding a subordinate interest even when such persons or entities did not request notice, prior to the amendments that took effect on October 1, 2015?

A review of the Nevada Supreme Court's website indicates that briefing on the case will be completed on November 27, 2017.

More recently, the Nevada Supreme Court issued a decision today in another HOA foreclosure case. In the case of Nationstar Mortgage v. Saticoy Bay LLC Series 2227 Shadow Canyon 133 Nev. Adv. Op 91 (November 22, 2017) the court included a lengthy footnote, number 11 which provides in part:

> While not an exhaustive list, irregularities that may rise to the level of fraud, unfairness, or oppression include an HOA's failure to mail a deed of trust beneficiary the statutorily required notices, see *SFR Investments Pool 1, LLC v. U.S. Bank N.A.* 130 Nev. Adv. Op 75, 334 P.3d 408, 418 (2014) (observing that NRS 116.31168 incorporates NRS 107.090, which requires that notices be sent to a deed of trust beneficiary); *id.* at 422 (Gibbons, C.J., dissenting)(same); *Bourne Valley Court Trust v. Wells Fargo Bank NA* 832 F.3d 1154, 1163-64 (9th Cir. 2016) (Wallace, J. dissenting)(same), *cert. denied,* ___ U.S. ___ , ___ S. Ct. ___ , 2017 WL 1300223;....

As there is a pending certified question, and published case law indicates that the Nevada Supreme Court will be ruling that the notice provisions of NRS 107.090 are incorporated into NRS Chapter 116, it is respectfully submitted that a stay would be appropriate in this case.

**B. Authority to grant a stay**

A court has the inherent to stay cases and control its docket to promote the efficient use of judicial resources, even pending resolution of another case. See <u>Landis v. North American Co.</u> 299 U.S. 248, 254-55 (1936). See also <u>Lockeyer v. Mirant Corp.</u>, 398 F.3d 1098 (9th Cir. 2005).

The factors that a court must weigh are:

1. The possible damage that may result from a stay,

2. any hardship or inequity that a party may suffer if required to go forward; and

3. the orderly course of justice measured in terms of the

Each of these factors weigh in favor of a stay.

**i. A stay will promote the orderly course of justice**

When a federal right depends on the interpretation of state law, the federal courts must apply the interpretation of that law as determined by the state's highest court. <u>Johnson v. Fankell</u> 520 U.S. 911, 916 (1997).

As indicated by the footnote in the decision in case of <u>Nationstar Mortgage v. Saticoy Bay LLC Series 2227 Shadow Canyon</u> 133 Nev. Adv. Op 91 (November 22, 2017), the Nevada Supreme Court may disagree with the assessment given in the Bourne Valley case. Waiting on this determination by the state's highest court would permit the parties and the court to evaluate and consider the various claims as determined by the binding authority of the Nevada Supreme Court. This will simplify and streamline the proceedings and promote the efficient use of the resources of the court and the parties.

**ii. Hardship and inequity**

A stay in this case will prevent unnecessary briefing and the expenditures of time, attorney's fees, and resources that would be otherwise wasted in the event that the Nevada Supreme Court determines the due process issue differently than the Bourne Valley decision.

### iii. Damage from a stay

The only damage which will result from a stay is that the parties may have to wait longer for a resolution. However, this needs to be balanced against the harm and waste of resources that would occur if the case were to proceed without guidance from the Nevada Supreme Court.

It is respectfully submitted that any damage caused by a stay would be minimal.

### iv. The length of the stay is reasonable

As noted, the briefing on the certified question is almost complete, and a decision from the Nevada Supreme Court should follow within a reasonable time. As such, the time of the stay would not be indefinite, but would tied to the certified question pending before the Nevada Supreme Court.

## CONCLUSION

By reason of the foregoing, defendant respectfully requests that the court enter an order staying this case for all purposes until the certified question is answered by the Nevada Supreme Court.

DATED this 22nd day of November 2017.

                LAW OFFICES OF
                MICHAEL F. BOHN, ESQ., LTD.

                By: / s //Michael F. Bohn, Esq./.
                    Michael F. Bohn, Esq.
                    Adam R. Trippiedi, Esq.
                    376 East Warm Springs Road, Ste. 140
                    Las Vegas, Nevada 89119

                    IT IS SO ORDERED:

                _____
                RICHARD F. BOULWARE, II
                United States District Judge

DATED this 1st day of December, 2017.

# **CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of November, 2017, I electronically transmitted the DEFENDANT PINE BARRENS STREET TRUST'S MOTION TO STAY THIS CASE FOR ALL PURPOSES to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel in this matter; all counsel being registered to receive Electronic Filing.

| | |
|---|---|
| Robin E. Perkins, Esq. | David R. Koch |
| Adam Tully, Esq. | Steven B. Scow |
| SNELL & WILMER LLP | Brody R. Wight |
| 3883 Howard Hughes Parkway, Suite 1100 | KOCH & SCOW LLC |
| Las Vegas, NV 89169 | 11500 S. Eastern Ave., Suite 210 |
| | Henderson, NV 89052 |

　　　　　　　　　　　　　　　　　　/s/ /Marc Sameroff /
　　　　　　　　　　　　　　　　　　An employee of the LAW OFFICES
　　　　　　　　　　　　　　　　　　OF MICHAEL F. BOHN, ESQ., LTD.